## Kate White et al. v. Mrs. Jane Holman.

Decided January 23, 1901.

**1.—Will—Recital—Heirship—Adoption—Declarations Against Interest.**

A recital in a will that one was the adopted daughter of the deceased husband of testatrix, was evidence as against another to whom she devised all her real estate, described as a half interest in specific property which had been community estate, that the husband's community half interest had passed by inheritance to such adopted daughter.

**2.—Same—Best Evidence—Failure to Object to Secondary.**

A recital of the adoption of an heir, in a will introduced without objection, was sufficient evidence of that fact, though the adoption papers might be the best evidence.

**3.—Same—Fact Case.**

A husband and afterwards the wife dying without children, the latter devised to her sister "all the land I now own," which "consists of an undivided one-half interest" in land specifically described, which had been community property of herself and the deceased husband; she also bequeathed all her personal property to H., "the adopted daughter of my deceased husband."  Held, that the recital of such adoption, being a declaration against the testatrix's interest, was evidence of the fact as against the devisee of the real property, and showed that the adopted daughter was entitled, as heir of the husband, to one-half of the land; also, if·it was only secondary and the adoption papers the best evidence, the admission of the will without objection on that ground cured that defect in the proof.

Error from Lampasas. Tried below before Hon. John M. Furman.

*Walter Acker,* for plaintiffs in error.

*W. B. Abney,* for defendant in error.

COLLARD, ASSOCIATE JUSTICE.—Plaintiffs in error have furnished this court with a correct statement of the nature and result of the suit, which we adopt as follows:

"Plaintiffs in error Kate White and her husband, Dave White, brought suit against Jane Holman and her husband, Mark Holman, in the usual form of trespass to try title to 181 acres of the Seaborn Berry survey, in Burnet and Lampasas counties, and particularly described in the petition.

"Mark Holman having died on the 5th day of May, 1900, Jane Holman answered by general exception, general denial, plea of not guilty, five and ten years limitation, and cross-action in form of trespass to try title, claiming all the land sued for. The suit was dismissed as to Mark Holman on May 8th, and on May 10th plaintiffs filed their answer to the cross-action of defendant, Jane Holman, consisting of general denial and plea of not guilty, and took nonsuit in their original action.

"The trial was without a jury, and resulted in judgment in favor of defendant Jane Holman for all the land, to which plaintiffs excepted and gave notice of apppeal to this court. Plaintiffs filed motion for new trial May 12th, supported by affidavits and exhibit therein referred to and made a part of the motion, which was controverted by affidavit of defendant's attorney.

The motion for new trial was overruled, to which plaintiffs excepted and gave notice of appeal, and an order was entered allowing ten days after adjournment in which to file statement of facts. Plaintiffs failed to perfect their appeal, and on June 16th filed their petition for writ of error and supersedeas and writ of error and supersedeas bond, upon which citation in error and supersedeas was issued and served upon same day. On June 23, 1900, plaintiffs filed their assignment of error. The judge filed no conclusions of fact or of law."

We find the facts as follows: The land in controversy was the community property of J. W. Hinkle and his wife, S. A. Hinkle. He died several years before his wife, leaving no child or descendants. His surviving wife married a man by the name of Woods, and died leaving no child or descendants. The land, 131 and 50 acres, was acquired by purchase by Hinkle during the marriage with Sarah A. Hinkle, and all of the land had been inclosed for ten years prior to April 20, 1900.

Mrs. S. A. Woods, formerly Mrs. Hinkle, left a will which was duly probated in Lampasas County, the 11th day of April, 1899, in which will she devised to her sister Jane E. Holman as follows: "All of my real estate of which I may be seized at my death; all the land I now own and which I wish to bequeath to her, the said Jane Holman, consists in

an undivided one-half interest in the following described tract of land,. to wit:" [Here follows description of the entire 180 acres of land in suit, and then the will proceeds] : "Of which I own an undivided half" interest, and which half interest is hereby bequeathed and devised to. the said Jane Holman." The next clause in the will is: "I will and: bequeath to Katie Hinkle, the adopted daughter of my deceased hus-- band J. W. Hinkle, all the personal property of whatever kind I may own at my death, to include any and all crops growing or gathered, all! stock of any kind, household effects and kitchen furniture, and one. Estey organ."

The adoption paper of Kate White as daughter and heir was not offered in evidence on the trial, because proper notice had not been given that it would be offered. It was presented in the motion for a new trial, and is in compliance with the statute (Revised Statutes, articles 1, 2,) relating to adoption of a child and heir, and filed for record. As an adopted child, Kate would inherit one undivided half of the estate in suit. The will was offered and read in evidence by defendants.

*Opinion.*—We believe the first assignment of error presented by plaintiffs in error, Kate White and husband, should be sustained, be- cause, as insisted in the assignment, it appears from the evidence that. she is the adopted daughter and heir of J. W. Hinkle, who died leaving no natural child or descendants. Rev. Stats., arts. 1, 2, and sec. 2, art 1689. The section of the article of the statute last cited provides. that "if deceased have no child or children or their descendants, then the surviving husband or wife shall be entitled to all the personal estate and to one-half of the land of the intestate, and the other half shall pass and be inherited according to the rules of descent and distribu-- tion." The articles 1 and 2 of the statute referred to provide that the. adoption of another as legal heir entitles the adopted person to all the rights and privileges, both in law and equity, of a legal heir of the party adopting him; provided, that if the party adopting such heir have at the time of such adoption or shall thereafter have a child begotten in lawful wedlock, such adopted heir shall in no case inherit more than one-fourth of the estate of the party adopting him. The proviso, it will be seen, has no application to the facts of this case, and if Kate was. adopted by J. W. Hinkle she would inherit an only child's part of the land estate, which would be one-half of the community realty.

The will of S. A. Woods, formerly Hinkle, expressly limited the de-- vise to her sister to one-half of the land, and recognized the plaintiff, Kate, as having been adopted by J. W. Hinkle, her former husband, and she only claimed one-half of the realty which she devised to Jane Holman, her sister, all showing conclusively that she, the testator, acknowledged the adoption, approved and affirmed the rights of plaintiff Kate as the heir of the deceased husband, and that she, Kate, was en- titled to his half of the community landed estate. The admission of

such facts is evidenced in writing in the will; it is an admission solemnly made against the interest of the testatrix, and is not disputed by any fact in proof, the devisee under the will claiming under the will. Curtis v. Wilson, 2 Texas Civ. App., 646, 21 S. W. Rep., 787, 788; 2 Texas Civ. App., 646; 1 Greenl. on Ev., secs. 103, 104; Eckford v. Knox, 67 Texas, 201-203; Taylor v. Deseve, 31 Texas, 246; Moore v. Bryant, 10 Texas Civ. App., 131, 31 S. W. Rep., 223. The admission is binding upon the devisee claiming under the will by which she has title to one-half of the land.

The fact that the adoption papers were the best evidence of the heirship of plaintiff does not arise. The will was offered and read in evidence by defendant, and no objection was made that the clause stated above in the will was inadmissible without accounting for the original. The only question is, what was the effect of the evidence? As to that we hold that it established the fact of adoption, which would entitle the adopted child to the right of inheritance. Heirship is a necessary consequence of adoption. The adoption of one as a child makes the child an heir of the person adopting. There is no other kind of adoption of a child known to our statute, and hence the adoption fixes heirship. The adoption constitutes the child an heir. Taylor v. Deseve, supra. We do not consider the questions raised by the motion for a new trial, in which the adoption papers were filed, making Kate the adopted child and heir of Hinkle, all in form and filed as required by the statute, as we hold that the adoption was proved. The proof was sufficient to establish the fact of adoption, and the judgment ought to be reversed and here rendered in favor of plaintiff for one undivided half of the land in suit, and it is so ordered, and judgment is so rendered by this court.

*Reversed and rendered.*