## FIDELITY & DEPOSIT CO. OF MARYLAND v. PEOPLE'S BANK.

### SAME v. MISSOURI STATE BANK.
#### Nos. 8780, 8781.

Circuit Court of Appeals, Eighth Circuit.
Sept. 8, 1930.

Rehearing Denied Nov. 4, 1930.

Leland Hazard, of Kansas City, Mo. (P. E. Reeder, of Kansas City, Mo., and O. W. Littleton, of Baltimore, Md., on the brief), for appellant.

.Cyrus Crane, of Kansas City, Mo. (D. C. Chastain and C. A. Denton, both of Butler, Mo., on the brief), for appellee People's Bank.

Fred A. Boxley, of Kansas City, Mo. (Albert F. Hillix, of Kansas City, Mo., on the brief), for appellee Missouri State Bank.

Before KENYON, BOOTH, and GARDNER, Circuit Judges.

BOOTH, Circuit Judge.

These are appeals from decrees dismissing the bills on motion, on the ground that no equity was stated in the bills. In most respects the bills are the same as in No. 8779, Fidelity & Deposit Company of Maryland v. Farmers' Bank (C. C. A.) 44 F.(2d) 11, opinion in which is filed at the same time herewith, and the questions involved in these appeals are largely the same as in that appeal. On such questions the opinion in that case will be controlling.

In some particulars these two cases differ from the Farmers' Bank Case. In the Missouri State Bank case the bill covers transactions by it with Morwood, county treasurer, during the period from May, 1921, to May, 1923, when the Farmers' Bank and not the Missouri State Bank was the legal county depository; and also transactions during the period May, 1923, to June, 1925, when the Missouri State Bank was the legal county depository. The bill alleges that during the former period the Missouri State Bank received from Morwood county funds on deposit under circumstances which made the Missouri State Bank a trustee ex maleficio.

In the People's Bank case the bill alleges that the bank never was the legal county depository during the term of office of Morwood, as county treasurer; that the bank nevertheless received from Morwood, county treasurer, county funds on deposit, and thereby became a trustee ex maleficio.

The bills contain (1) direct allegations of knowledge by defendant banks of the misappropriation of county funds withdrawn from the bank by Morwood; (2) allegations of fact which if true were sufficient to impute knowledge to the bank of the wrongful withdrawals and misappropriations of county funds by Morwood.

In each of these cases, as in the case against Farmers' Bank, there are allegations in the bill that checks were drawn by Morwood in favor of the bank on county funds in the same bank or in one of the other banks; the payee bank held no warrant as a basis for the checks so drawn in its favor; nevertheless the payee bank in each case accepted such checks and applied the proceeds in payment of Morwood's private individual debt to the payee bank.

Other transactions between Morwood and each of these banks similar in nature to those alleged in the Farmers' Bank Case are also alleged in the bills.

Such participation by the bank in the proceeds of the wrongful withdrawal of county funds with full knowledge of the facts by the bank would render it liable, not only for the amount of that particular wrongful withdrawal, but also for the amounts of subsequent wrongful withdrawals by Morwood of county funds in the bank's possession. In other words, when the bank had once participated in the proceeds of a wrongful withdrawal with full knowledge of the facts, it could no longer rely on the presumption that subsequent withdrawals were rightful. See cases cited in Farmers' Bank Case.

In the instances where the banks received from the county treasurer county funds and placed them on deposit when they were not legal county depositories, they became trustees ex maleficio. Merchants' Nat. Bank v. School Dist. (C. C. A.) 94 F. 705; Bd. of Comm'rs v. Strawn (C. C. A.) 157 F. 49, 15 L. R. A. (N. S.) 1110; U. S. F. & G. Co. v. Union Bk. & Tr. Co. (C. C. A.) 228 F. 448; American Sur. Co. v. Jackson (C. C. A.) 24 F.(2d) 768; Fiman v. State of South Dakota, 29 F.(2d) 776 (C. C. A. 8); Compton v. Farmers' Tr. Co., 220 Mo. App. 1081, 279 S. W. 746. As such their absolute liability could be relieved only by restoring the funds to the county. The banks in becoming

trustees ex maleficio lost their right to presume that the county treasurer in withdrawing the funds would make proper disposition thereof. Perry on Trusts (7th Ed.) vol. 1, § 245; Central Stock & Grain Exchange v. Bendinger (C. C. A.) 109 F. 926, 56 L. R. A. 875; U. S. F. & G. Co. v. People's Bank, 127 Tenn. 720, 157 S. W. 414; Glasgow v. Nicholls, 124 Wash. 281, 214 P. 165, 168, 35 A. L. R. 419.

In the case of Glasgow v. Nicholls, supra, the court said:

"A trustee de son tort does not escape liability to his cestui que trust by showing that he has disposed of the property, the subject of the trust. It may be that such disposition has placed the property in the hands of a bona fide purchaser for value, without notice, and the cestui cannot impress the trust upon the property in the hands of the ultimate holder of it; but, at the same time, the trustee de son tort is personally liable for the value of the property of the cestui which he has had in his possession, for he has converted the trust property, and although the cestui may not be able to follow the specific property and impress a trust upon it, he is nevertheless entitled to a judgment against the wrongdoing trustee."

The decrees are reversed, and the cases remanded for reinstatement of the bills and for further proceedings.