## NEW AMSTERDAM CASUALTY CO. v. FIRST NAT. BANK OF GILMER, TEX., et al.

### No. 3860.

Court of Civil Appeals of Texas. El Paso.
Oct. 5, 1939.

Rehearing Denied in Part and Granted in Part Nov. 2, 1939.

Further Rehearing Denied Nov. 23, 1939.

by it as surety for C. W. Owen as Tax Assessor and Collector for Upshur County on account of wrongful appropriation of excess fees and for credit therefor and for taxes and trust funds. All of which it is alleged were known by said defendants to represent trust funds, and from the misapplication of which each of them received benefits.

Defendants each denied the facts alleged by plaintiff, and the defendant Farmers and Merchants National Bank asserted that the warrants received by it from Owen for assessing taxes were negotiable instruments; that he had the right to negotiate same; that Owen had, with knowledge of the Commissioners' Court, and pursuant to custom, borrowed money from it to cover expenses of his office; that the warrants represented his private funds, which he had the right to use in paying that which he had borrowed and for his individual credit; that the County knew of their use; that it believed said warrants and their proceeds were his private property; that it received no profit except interest from the money borrowed by Owen; that the plaintiff is therefore estopped to recover anything from it. The defendant First National Bank asserted that if it was County Depository, it received no benefit, but sustained a loss therefrom; that it knew that Owen's monthly reports for the year 1935 showed that his commissions, aggregated $13,893.90, and that in addition thereto he was entitled to charge $7,926.70 paid to delinquent tax collector, against his fees of office; that for the year 1935, he collected $8,047.89, which he did not deposit with either defendant; that it did not permit him to check against his official account more than he was entitled to as shown by his approved monthly report; that plaintiff is without equity; that the County knew during the year 1935, that Owen was issuing checks against his official account and using the proceeds thereof for the expenses of his office; that plaintiff is therefore estopped from recovering anything from it; that it acted in good faith and received only interest for money borrowed by Owen.

Richard L. Hughston and Albert B. Hall, both of Dallas, for appellant.

Florence & Florence, of Gilmer, and Lasseter, Simpson, Spruiell & Lowry, of Tyler, for appellees.

PRICE, Chief Justice.

This is an appeal from the District Court of Upshur County from a judgment in favor of the defendant. Plaintiff duly perfected its appeal. Appellant's statement of the nature and result of the suit seems to be acquiesced in by appellees, and we follow same almost literally with additional statements when necessary in the course of the opinion.

Appellant, hereinafter called plaintiff, instituted the suit whereby it seeks to recover from appellees, hereinafter called defendants, the amount of a loss sustained

The case was tried to the Court and judgment was rendered for defendants, and plaintiff duly excepted and gave notice of appeal and thereafter perfected its appeal.

It might be added that as far as the record herein shows, plaintiff did not move

the Court to make findings of fact and conclusions of law and that such are not in the record.

Appellant assails the judgment rendered by assignments of error and appropriate propositions on the ground that under the undisputed evidence plaintiff was entitled to a judgment in its favor as against defendants for the sum it was compelled to pay for the default of C. W. Owen; that defendants are each liable to it in the amount that each allowed C. W. Owen to withdraw from the public moneys of Upshur County without lawful authority. The amount the defendant First National Bank is asserted to be liable for is $4,731.23; that defendant Farmers and Merchants National Bank is liable for $3,242.34 for the same reason. Appellant contends it is entitled to recover of each of said defendants a proportionate amount of said sums sufficient to equal its loss of $6,664.23. There is a further assignment as to the rejection, over the objection of plaintiff, of a certain record book.

A statement of the evidence will be appropriate to clarify and determine the issues herein. First, let us set forth the conceded and undisputed facts. C. W. Owen was the duly elected and qualified Tax Assessor and Collector of Upshur County for a term of two years beginning January 1, 1935; that he gave proper bond in the sum of $34,000, with plaintiff as surety thereon, and same was duly approved, filed and recorded as required by the law. Upshur County, to the September Term of the District Court, 1936, filed a suit against C. W. Owen, the plaintiff herein and the First National Bank of Gilmer, Texas, one of the defendants here, against defendant Owen and his bondsman, and sought to recover the sum of $10,997.37, as excess fees alleged to be due the County from the defendant Owen. It was charged as to defendant First National Bank that it had on deposit to the credit of Owen in his official capacity the sum of $3,464.37, and that said sum was a part of such excess fees due from Owen to the County. Attached to said petition as an exhibit was a copy of the annual report for the year ending December 31, 1935, of defendant Owen as Tax Assessor and Collector of current year fees of office and deductible expenses. This exhibit purports to show that the amount of earned fees were in the sum of $20,525.31. The plaintiff here filed answer to this suit

consisting of general denial and various items as offsets, counter claims and credits. It further sought relief by way of cross action against the First National Bank in the event it was required to pay plaintiff anything. The defendant First National Bank filed answer to plaintiff's (County) petition setting up it held on deposit to the credit of Owen as Tax Assessor and Collector the said sum of $3,464.37; that Owen had been adjudged a person of unsound mind. The answer further offered to pay the fund as directed by the Court. The said Bank likewise filed answer to the cross action of defendant Surety Company (plaintiff here).

On the 30th day of September, 1936, the Court made an order that Leo Presnell be appointed guardian ad litem to represent the interests of defendant Owen. This order recited that on the 7th day of July, 1936, Owen had been adjudged to be a person of unsound mind. Thereafter Owen, acting by said guardian ad litem, filed answer to the suit.

Thereafter the defendant First National Bank filed a motion that the controversy between it and the defendant New Amsterdam Casualty Company (plaintiff here) be severed from the suit. On said motion such severance was granted.

The case filed by the County came to trial on the 30th day of September, 1936, and resulted in judgment that the said sum of $3,464.37 held by the defendant Bank be delivered to the County Treasurer of Upshur County; that the County recover of the plaintiff here, the surety, the sum of $6,626.03. The judgment to be without prejudice to any right which said defendant (plaintiff here) might have against the First National Bank or other persons. It further ordered that certain salary warrants in favor of Owen aggregating $500 be cancelled. Thereafter plaintiff here paid off this judgment to the County insofar as same was against it. It might be well, in the interest of clearness, to interject here that the severed suit between plaintiff and the First National Bank was consolidated with another suit filed by plaintiff against the Farmers and Merchants National Bank, and it is from the judgment in such consolidated actions that this appeal is taken.

The evidence is not clear and satisfactory as to the relationship of the two defendant Banks to the County. Suffice it to say, that each received on deposit public

money belonging to Upshur County, and in fact acted as depositories for such County, the defendant Farmers and Merchants Bank of the jury fund, road and bridge fund and County bond fund; the defendant First National Bank the other funds of the County and the school funds.

Owen, as County Tax Collector, from time to time deposited tax collections in the First National Bank. Such bank received deposits and gave him credit therefor in his official capacity. A statement of his official account, as reflected from books of the Bank, was not given in evidence. The amount, date and character of his deposits are only to be arrived at from a consideration of his monthly reports and his fee account report for the year ending December 31, 1935, and sworn to on February 27, 1936. It is clear that these reports were made from time to time, but the reports, or a copy thereof, were not introduced in evidence. It is likewise clear that said reports were never approved by the Commissioners' Court. Witness Hughston testified to conclusions based in part on these reports. He undertook, under cross-examination, to state the amount of earned commissions for each month based on these monthly reports. He did not state the amount of taxes shown by the report to have been collected. The percentage he took to arrive at the earned commission was not given, further than that it was the percentage allowed by law. Based on these monthly reports, Mr. Hughston stated that something over $6,-000 of the earned fees had not been deposited in the bank. The annual fee report does give data from which it can be determined, if the report be correct, the amount of taxes collected by the Collector, likewise commission and fees earned. It shows as total fees earned $20,525.31, authorized deductions therefrom in the sum of $9,454.92, and a balance in favor of the County in the sum of $10,470.39.

■ A brief discussion here of the admissibility and probative effect of the fee report may not be out of place. It, as to these defendants, was unquestionably hearsay. Unless it is admissible under some exception to the hearsay rule, it is fair to say the trial court, in entering judgment herein, probably ignored and disregarded same. It was in evidence that C. W. Owen was a person of unsound mind at the time of this trial. The report admitted liability to account to the County for the sum of $10,470.39, and hence was a declaration against the interest of C. W. Owen. We think that as such it was admissible in evidence and that its probate force amounts to a prima facie establishment of its correctness. American Jurisprudence, Vol. 20, p. 457, Sec. 556, p. 505, Sec. 595; Griffith v. Sauls, 77 Tex. 630, 14 S.W. 230; White v. Holman, 25 Tex.Civ.App. 152, 60 S.W. 437; Smith v. Hanson, 34 Utah 171, 96 P. 1087, 18 L.R.A.,N.S., 520.

The defendant First National Bank, out of the public money of Upshur County on deposit with it, permitted C. W. Owen, on his checks as County Collector, payable to himself, to withdraw the sum of $4,731.-23. The first withdrawal was by check of March 11, 1935 in the sum of $2,500; the second in the sum of $2,231.23, dated December 10, 1935. Of the total sum of money thus drawn, Owen devoted $806 thereof to the payment of a note owed by him to said First National Bank which, at the time said payment was made, had knowledge of the source of the funds. The balance was deposited in the bank to the private account of Owen. This money was drawn out of his private account by him by means of checks given for other than official purposes. In any event, the evidence fails to show that any of the money went to the payment of expenses of his office.

The defendant Farmers and Merchants Bank received and paid out of public money belonging to Upshur County two warrants aggregating $2,872.61, and applied $1,122.25 to the payment of note owing to it by Owen. Owen was given credit for the balance in his private account. This balance, together with the sum next mentioned, was withdrawn on checks given by Owen, the proceeds of which were not shown by the evidence to have gone to the payment of expenses of his office—in fact the evidence shows, or tends very strongly to show, that it was used for purely private obligations of Owen. On November 9, 1935, it received and paid out, on deposit with it, warrants aggregating $444.73. The evidence fails to show that these warrants were drawn in payment of fees of office.

■ Under the undisputed evidence the defendant Banks were acting as County Depositories for the public funds of Upshur County at all relevant times during the year ending December 31, 1935. If such were the facts, the law imposes upon them all the duties of a fully qualified and

regularly appointed county depository. Sullivan v. City of Galveston, Tex.Civ.App., 17 S.W.2d 478, affirmed, Tex.Com.App., 34 S.W.2d 808; Fidelity & Deposit Co. of Maryland v. Missouri State Bank, 8 Cir., 44 F.2d 19; Article 2549, R.S.1925, Vernon's Ann.Civ.St. art. 2549; Article 2550, R.S. 1925, Vernon's Ann.Civ.St. art. 2550.

■ If such was their duty, they were governed by the statutes of the State applicable to depositories.

R.S.1925, Article 7250 provides: "Except as to compensation due such tax collector as shown by his approved reports, tax money deposited in county depositories shall be paid by such depositories only to treasurers entitled to receive the same, on checks drawn by such tax collector in favor of such treasurer."

Article 7260, Sec. 1, Vernon's Ann.Civ. St. art. 7260, subd. 1 provides: "At the end of each month the Tax Collector shall, on forms to be furnished by the Comptroller, make an itemized report under oath to the Comptroller, showing each and every item of ad valorem, poll and occupation taxes collected by him during said month, accompanied by a summarized statement showing full disposition of all State taxes collected, provided that said itemized reports for the months of December and January of each year may not be made for twenty-five (25) days after the end of such months if same cannot be completed by the end of such respective months."

Article 7261, Vernon's Ann.Civ.St. art. 7261, provides:

"1. The Tax Collector shall at the end of each month make like reports to the Commissioners Court of all the collections made for the county, conforming as far as applicable and in like manner to the requirements as to the collection and report of taxes collected for the State. The County Clerk shall likewise, within two (2) days after the presentation of said report by the Collector, examine said report and stubs and certify to their correctness as regards names, dates, and amounts; for which examination and certificate he shall be paid by the Collector Fifty (50) Cents each month, which amount shall be allowed to the Collector by the Commissioners Court * .* *.

"2. The Clerk shall file said report intended for the Commissioners Court, together with the tax receipt stubs, in his office for the next regular meeting of the Commissioners Court.

"3. The Tax Collector shall immediately pay over to the County Treasurer all taxes collected for the county during said month, after reserving his commissions for collecting the same, and take receipts therefor, and file with the County Clerk.

"4. At the next regular meeting of the Commissioners Court, the Tax Collector shall appear before said court and make a summarized statement, showing the disposition of all moneys, both of the State and county, collected by him during the previous three (3) months. Said statement must show that all taxes due the State have been promptly remitted to the State Treasury at the end of each month, and all taxes due the county have been paid over promptly to the County Treasurer and shall file proper vouchers and receipts showing same.

"5. The Commissioners Court shall examine such statement and vouchers, together with an itemized report and tax receipt stubs filed each month, and shall compare the same with the tax rolls and tax receipt stubs. If found correct in every particular, and if the Tax Collector has properly accounted for all taxes collected, as provided above, the Commissioners Court shall enter an order approving said report, and the order approving same shall be recorded in the minutes.

"6. The Tax Collector shall finally adjust and settle his account with the Commissioners Court for the county taxes collected, at the same time and in the same manner as is provided in the foregoing Article in his settlement with the State."

These portions of the statute seem to us to plainly forbid the payment to the county collector from the public money in the depository of his earned fees until his accounts are approved by the commissioners' court. Austin v. Kiser, Tex.Civ.App., 277 S.W. 411, affirmed, Tex.Com.App., 286 S.W. 1082; Knight v. Harper, Tex.Civ.App., 279 S.W. 589, 590; Austin v. Fox, Tex.Civ. App., 297 S.W. 341, 343.

■ If a county depository pay an unauthorized demand out of the public money of a county, the money is not withdrawn from the depository, but is still a credit in favor of the county. State v. Tyler County State Bank, Tex.Com.App., 277 S.W. 625, 42 A.L.R. 1347, Id., 282 .S.W. 211, 45 A.L.R. 1483; Watson v. El Paso County,

Tex.Civ.App., 202 S.W. 126, 128; City of El Paso v. Two Republics Life Ins. Co., Tex.Civ.App., 278 S.W. 231, 235, writ refused; Reynolds v. State, Tex.Cr.App., 92 S.W.2d 458.

█ Money deposited with the county treasurer by the county collector for taxes in which is included the earned commissions thereon remains public money until such commissions are segregated according to law. Austin v. Kiser, supra.

█ The funds having never been lawfully withdrawn, same representing excess fees for which the plaintiff, as a bondsman for the collector was forced to account to the County, it is entitled to be subrogated to the rights of the County against the said banks. Fidelity & Deposit Co. of Maryland v. Farmers & Merchants Nat. Bank of Nocona, Tex.Civ.App., 121 S.W.2d 503, writ dismissed, and authorities therein cited.

██ At all times in our consideration of this case we have tried to bear in mind that if, in view of the evidence, the trial court's judgment is sustained, then it is our duty to affirm in the absence of other error of a substantial character. We further have borne in mind that under the law we have not the power to reverse the judgment of the trial court and to render same unless the controlling facts are established by the evidence with that degree of certainty that the minds of reasonable men cannot differ thereon. On the other hand, if the controlling facts are established with the degree of certainty indicated, it is our duty to reverse and render, if such facts demand.

█ In our opinion the controlling facts of this case are undisputed and the application of the law thereto requires the reversal and rendition of the trial court's judgment.

█ Counsel for the appellees have furnished us with a copy of the opinion of the Texarkana Court of Civil Appeals in the case of American Indemnity Co. v. Red River National Bank, 132 S.W.2d 473, 480. The case has much in common with this case. In that case, as in this, the tax collector withdrew his commissions without the approval by the Commissioners' Court of the monthly reports. Chief Justice Johnson, in the course of the opinion, quotes Article 7250, R.S.1925 and Article 7261, Secs. 1, 2, 3, 4, 5 and 6. He cites Article 1645 and Article 1648, R.S., relative to the appointment and qualification of the county auditor. He quotes Article 1651 and Article 1654.

Article 1651 provides: "The auditor shall have a general oversight of all the books and records of all the officers of the county, district or State, who may be authorized or required by law to receive or collect any money, funds, fees or other property for the use of, or belonging to, the county; and he shall see to the strict enforcement of the law governing county finances."

Article 1654 provides: "All reports of collections of money for the county required to be made to the commissioners court shall also be carefully examined and reported on by him. He shall at least once in each quarter check the books and examine all the reports of the tax collector, the treasurer and all other officers, in detail, verifying the footings and correctness of same, and shall stamp his approval thereon, or note any differences, errors or discrepancies. * * *"

It appears in that case, as in this, that there was a county auditor, and that it was neither averred nor approved by plaintiff that the county auditor had not approved the monthly reports of the collector before the payments.

In the course of the opinion it is said: "We do not think that a depository is liable under the provisions of Article 7250 for having permitted the tax collector to withdraw his commissions, when such depository has in good faith permitted withdrawal of only such commissions as were shown by the tax collector's reports approved by the county auditor."

We cannot give our assent to the doctrine that an approval by the county auditor of the county collector's monthly report of the collection of taxes would authorize him to withdraw his earned fees from the public money. The reports are addressed to the Commissioners' Court, and we believe that the law expressly provides for their approval by no other agency of the county government than the commissioners' court. In the case of American Indemnity Company v. Red River Bank, supra, there are other controlling issues upon which the judgment is held to be sustained.

It is ordered that the judgment of the trial court be reversed and judgment here rendered in favor of the plaintiff against the Farmers and Merchants National Bank in the sum of $2,511.42, and against the First National Bank of Gilmer, Texas, in the sum of $4151.44.

### On Rehearing.

Appellees and appellant have each filed a motion for rehearing herein. We shall first dispose of the motion of appellees. We have come to the conclusion that we were in error in reversing and rendering the judgment of the trial court as to the Farmers & Merchants National Bank of Gilmer, Texas, and believe the judgment should be affirmed in that respect.

The ultimate responsibility of a county officer under the old fee bill with respect to excess fees was to account at the appointed time therefor. As the fees were collected the interest of the county therein was only provisional. If at the close of the fiscal year the fees collected exceeded the legitimate expenses of the office, including the compensation of the officer, he must account for the difference. This liability to account is absolute and unrestricted. Exercise of the highest degree of care with respect to the provisional interest of the county in the fund would not condone or excuse a failure to account. On the other hand, these fees as collected are in the custody of the officer. His control and custody are unrestricted. Deposit in a bank in his individual name would not amount to a conversion thereof. In short, there is given into his custody a fund as collected uncertain in amount with which to achieve certain results. It is true the county has a provisional interest in the fees; on the other hand, all of the fees collected may belong to the officer—there may or may not be an excess.

A bank receiving payment out of the fees of an officer is not bound to assume that the fees do not belong to the officer. It has no means of knowing the state of the account between the officer and the county with respect to the fees collected by the officer. The county has no present right in the specific fund. Power to control and manage all fees as collected is vested in the officer and no restriction is placed upon him as to the custody thereof. Provisionally the fees belong to the officer.

It might be argued that much of what has been said applied to the defendant, the First National Bank of Gilmer. We think, however, there is a marked distinction. The money held by this defendant was public money. It paid it out without warrant of law. In our opinion the withdrawals made were ineffective to cancel the credit of the County. In short, in legal contemplation, the funds have never been withdrawn. It is true that Owen had a provisional interest in the funds. This provisional interest, so long as the funds are not lawfully withdrawn, is security for the duty of the officer to account at the end of the fiscal year.

It is not to be assumed that the Commissioners' Court would have approved Owen's monthly accounts unless all money collected had been given into the custody of the depository.

The motion for rehearing of appellee First National Bank of Gilmer, Texas, is overruled.

Appellant in its motion asserts that our judgment denied it interest from the date of the payment of Owen's shortage. The transcript shows that appellant filed its second amended original petition on January 10, 1938. It does not show the date of the filing of the original petition or the first amended original petition, if such were filed. If filed, neither of these petitions appears in the transcript. The second amended petition is the first demand shown by the transcript to have been made by appellant for reimbursement after its right had been perfected by the payment of the judgment. The County, insofar as the record shows, never made demand on the First National Bank of Gilmer for the payment of the funds in question here. If at any time the bank had paid the funds on the demand of the County its legal liability would have been discharged. Appellant's right, after maturity by payment of the judgment, was equal to but not superior to those of the County. We do not believe it is pointed out in appellant's brief where demand was made prior to the filing of the second amended original petition. However, after demand was made appellant was entitled to interest against the defendant bank from that date.

It is ordered on rehearing that the judgment of the trial court as to the Farmers & Merchants National Bank of Gilmer, Texas, be and the same is hereby affirmed; that as to the First National Bank of Gilmer, Texas, our former judgment be modified so that the sum of $4,731.23 be adjudged against it, to bear interest at the rate of six per cent per annum from the 10th day of January, 1938; that one-half of the cost of the court below and on appeal is adjudged against the appellant and one-half against the appellee, the First National Bank of

Gilmer, Texas, and that Farmers & Merchants National Bank of Gilmer, Texas, have judgment against appellant for all its costs.

Affirmed in part and reversed and rendered in part as above indicated.