**NEW YORK CASUALTY CO. v. STATE.**

No. 5891.

Court of Civil Appeals of Texas.
Texarkana.

April 8, 1942.

Rehearing Denied April 23, 1942.

1937–38 and 1939–40. He died July 6, 1939, during his tenure of office. At the time of his death Hodge was due the State of Texas $1,475.28, and the State Highway Department $415.45, a total of $1,890.73, none of which has been paid to the State of Texas or the State Highway Department. The suit was filed May 24, 1940, by the State of Texas against New York Casualty Company, the surety on Hodge's official bond to recover the amount due the State and the State Highway Department.

The defendant answered and alleged as a defense to its liability on the bond that the funds sued for were, at the time of their collection (during June and the first six days of July, 1939), deposited in the First National Bank of Bonham, Texas, the county depository of Fannin County, and that such funds still remain on deposit in said bank. Defendant made the bank a party to the suit, asking that in the event judgment be rendered against defendant as surety on Hodge's official bond, judgment for a like amount be rendered in favor of defendant over against said depository bank, under the doctrine of subrogation.

The bank, by way of special exception and as a defense, asserted that the defendant, not having paid the State, has no cause of action against the bank on the ground of subrogation.

Trial to the court without a jury resulted in a judgment for the amount sued for in favor of the State of Texas against New York Casualty Company; and that New York Casualty Company take nothing by reason of its cross action against the cross defendant bank, but that judgment was without prejudice against the New York Casualty Company to subsequently assert any rights of subrogation that may arise upon payment of this judgment to the State. The New York Casualty Company has appealed.

Two issues of law, which control disposition of the appeal, are presented upon the undisputed facts stated below.

The First National Bank of Bonham, Texas, was the official depository for Fannin County during all the times involved in this suit. The bank is solvent. From October 7, 1935, to January 1, 1937, Wilber Faxon was tax collector of Fannin County. During his tenure of office, Faxon's official account in the depository

Lloyd E. Price and Hamilton Rogers, both of Ft. Worth, for appellant.

Cunningham, Lipscomb & Cole, of Bonham, Gerald C. Mann, Atty. Gen., and Geo. W. Barcus, Wm. J. Fanning, and Ardell Williams, Asst. Attys. Gen., for appellee.

JOHNSON, Chief Justice.

Claude C. Hodge was elected tax collector of Fannin County for the years

was designated on the books of the bank: "Wilber Faxon, Tax Assessor and Collector." The official account of Claude Hodge in said depository during his tenure of office was designated on the books of the bank as "C. C. Hodge, Tax Assessor and Collector."

When Hodge became tax assessor and collector on January 1, 1937, he employed Faxon as his deputy. On January 20, 1937, Faxon drew an unauthorized check for $1,500 on the depository bank, payable to "Wilber Faxon" and signed by Wilber Faxon as follows: "Claude C. Hodge, Assessor and Collector of Taxes" (in print) "by Wilber Faxon" (in script). Faxon endorsed the check as follows: "W. Faxon, Tax Owner." The depository bank cashed the check for Faxon on January 22, 1937, and charged the amount to the official account of "C. C. Hodge, Tax Assessor and Collector." It appears in the testimony that the check was drawn and cashed by Faxon to obtain funds to cover up a shortage in his former official account. Upon discovering the check in the summer of 1938, after Faxon's death, Hodge reported the matter to the county auditor. There was no testimony showing that Hodge knew about the check at the time it was drawn and cashed or that he consented to it.

■ The record shows that during all the time Hodge was in office he promptly deposited in the depository bank all tax funds collected by him, and that he remitted therefor to the proper treasurers entitled to receive same, except that he had not made his remittances for the taxes amounting to $9,499.37 collected and deposited in the depository during June and the first six days of July, 1939, immediately preceding his death. At the time of Hodge's death, he owed the State of Texas and the State Highway Department $1,890.73, and he owed Fannin County $7,608.64, a total of $9,499.37. He had in his official account in the depository (as shown by the books of the bank, after it had charged the $1,500 Faxon check to the account) the sum of $8,299.27, or $1,200.10 less than was due the State and County. The action of the bank purporting to charge the Faxon check against Hodge's account is ineffective, in law, to withdraw the funds therefrom. New Amsterdam Casualty Co. v. First Nat. Bank of Gilmer, Tex. Civ.App., 134 S.W.2d 470, writ denied, correct judgment, point 4 in the opinion,

and the authorities there cited. Therefore the official account of Hodge in the depository bank may be here regarded as containing $9,799.27, or $299.90 more than he owed the State and County. The County filed suit against appellant as surety on Hodge's official bond to recover the amount due the County. That suit was removed to the Federal court. The State filed the present suit against appellant as surety on Hodge's official bond to recover the amount due the State and the State Highway Department.

■ First question: Is the State's cause of action against the surety on the tax collector's official bond for taxes collected and not remitted to the State defeated by showing that such tax fund had been deposited in the county depository and had not been lawfully withdrawn, and thus remained in the depository? It appears from the authorities that the question should be answered in the negative. The provisions of R.C.S. Article 2549, Vernon's Ann.Civ.St. Art. 2549, requiring the tax collector to deposit in the county depository all taxes collected for the State pending preparation of his report and settlement with the State, and that upon such funds being so deposited the tax collector and sureties on his bond shall be relieved of responsibility for its safekeeping, have no reference to and do not relieve the tax collector of his duty to subsequently remit such funds to the State Treasurer, as required by R.C.S. Article 7260, Vernon's Ann.Civ.St. Art. 7260. Miller v. State, Tex.Civ.App., 53 S.W.2d 792, writ refused; Miller v. Foard County, Tex.Civ. App., 59 S.W.2d 277.

■ Second question: Is appellant entitled to recover against the depository bank under the equity doctrine of subrogation without having first paid the State? It appears to be well settled by the authorities "that in order to successfully assert the right of subrogation, it is incumbent upon the claimant therefor to first pay to the creditor the full amount of the debt still owing by the defendant sought to be charged therewith." Fidelity & Deposit Co. v. Farmers & Merchants Nat. Bank, Tex.Civ.App., 121 S.W.2d 503, 506, writ dismissed; New Amsterdam Casualty Co. v. First Nat. Bank, Tex.Civ. App., 134 S.W.2d 470.

The judgment of the trial court will be affirmed.