NEW YORK CASUALTY COMPANY V. STATE OF TEXAS ET AL.

No. 8002.  Decided February 24, 1943.
Rehearing overruled March 24, 1943.
(169 S. W., 2d Series, 158.)

*Lloyd E. Price,* of Fort Worth, for petitioner.

On the question of the liability of the Surety, New York Casualty Company; Reynolds v. State, 130 Texas Crim. Rep., 78, 92 S. W. (2d) 459; Federal Crude Oil Co. v. Yount-Lee Oil Co., 122 Texas 21, 52 S. W. (2d) 56; Loneygan v. San Antonio. Loan & Trust Co., 101 Texas 63, 104 S. W. 1061.

*Gerald C. Mann,* Attorney General, *William J. Fanning, Ardell Williams* and *Geo. W. Barcus,* Assistants Attorney General, for respondent.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

Claude C. Hodge was elected Assessor and Collector of Taxes of Fannin County for the term beginning January 1st., 1937, and ending December 31, 1938, and for the next succeeding term of two years. He died July 6, 1939, during his second term. At that time he was due the State of Texas and the State Highway Department $1,890.73. New York Casualty Company was surety on his official bonds. This suit was filed by the State of Texas and the State Highway Department, acting through the Attorney General, against the Casualty Company to recover the amount named above. The Casualty Company in its answer alleged that the First National Bank of Bonham was the depository for all of the taxes collected by Hodge; that Hodge deposited in said bank all of the taxes of whatever nature collected by him during his tenure of office, as it was his duty to do; that when such money was deposited in said bank it became public funds belonging to the State of Texas and the County of Fannin and their subdivisions, and

that the money sued for in this case was on deposit in said bank subject to the ownership and control of the plaintiffs. It alleged the pendency of a suit in the Federal court against it which was instituted by Fannin County. It further alleged that the bank erroneously contended that there was only $8,299.27 deposited to the credit of Hodge as Assessor and Collector, whereas, in fact there was $9,799.27; that the suit of Fannin County was for $7,608.84, and that the amount sued for by Fannin County and the State of Texas and the State Highway Department was $9,499.57, which is less than the amount on deposit in said bank to Hodge's credit.

In explanation of the fact that the books of the bank disclosed that the deposit to Hodge's account was only $8,299.27, the Casualty Company alleged that one Wilbur Faxon was the predecessor of Hodge in the office of Assessor and Collector of Taxes of Fannin County and was appointed a deputy by Hodge, when he assumed office; that at the end of his term of office Faxon was "short of money as such Collector" in the sum of $1,500.00; that after his term of office had expired and while he was working as a deputy under Hodge, he, Faxon, drew a check for $1,500.00 on the depository bank payable to Wilbur Faxon and signed by him as follows: "Claude C. Hodge, Assessor and Collector of Taxes" (in print) "by Wilbur Faxon" (in script) ; that Faxon then endorsed the check, "W. Faxon, Tax Owner;" and that the depository bank cashed such check and charged the amount thereof to the official account of Hodge. It was then alleged that the transaction was fraudulent and unlawful; that the bank was without authority to withdraw funds from the Hodge account in payment of said check; and that, therefore, said Hodge account was unchanged and unaltered by the transaction. Wherefore, it was alleged, all of the money sued for in this case and in the case instituted by Fannin County is on deposit in said bank. It was then alleged that the United States Fidelity & Guaranty Company was surety on Faxon's official bond, and that the shortage occurred during Faxon's tenure of office.

Upon the above allegations the Casualty Company impleaded the depository bank and Faxon's surety praying that, in the event judgment should be rendered against it, then it have judgment over against said cross defendants for a like amount. Upon trial before the court without a jury judgment was rendered in favor of the State of Texas and the State Highway

Department against the Casualty Company as prayed for. On the Casualty Company's action against the cross defendant, United States Fidelity & Guaranty Company, Faxon's surety, it was decreed that the latter go hence without day with its costs. It was further decreed that the Casualty Company take nothing by its action against the depository bank, without prejudice, however, to any right of subrogation which it might have against the bank.

No appeal was prosecuted from those portions of the judgment which denied the Casualty Company recovery against the United States Fidelity & Guaranty Company and against the depository bank. The Casualty Company perfected an appeal from that portion of the judgment awarding recovery to the State and the State Highway Department against it, but obtained no relief in the Court of Civil Appeals. 161 S. W. (2d) 150.

■ The principal question for decision was stated and answered by the opinion of the Court of Civil Appeals as follows:

"Is the State's cause of action against the surety on the tax collector's official bond for taxes collected and not remitted to the State defeated by showing that such tax fund had been deposited in the county depository and had not been lawfully withdrawn, and thus remained in the depository? It appears from the authorities that the question should be answered in the negative. The provisions of R. C. S., Article 2549, Vernon's Ann. Civ. Stat., Art. 2549, requiring the tax collector to deposit in the county depository all taxes collected for the State pending preparation of his report and settlement with the State, and that upon such funds being so deposited the tax collector and sureties on his bond shall be relieved of responsibility for its safe keeping, have no reference to and do not relieve the tax collector of his duty to subsequently remit such funds to the State Treasurer, as required by R. C. S. Article 7260, Vernon's Ann. Civ. St., Art. 7260, Miller v. State, (Tex. Civ. App.), 53 S. W. (2d) 793, w/r; Miller v. Foard Co. (Tex. Civ. App.) 59 S. W. (2d) 277."

We approve that holding. This question was discussed very clearly and well in the opinion of the Court of Civil Appeals in the case of Miller v. State, 53 S. W. (2d) 792, and was squarely presented to this court for review in the application for writ of error from its decision. By refusing the application the court

set the question at rest and no necessity appears for any further writing thereon.

■ The Casualty Company here presses the argument that the action of the bank in charging the $1,500.00 check drawn by Faxon against the account of Hodges was ineffective in law to withdraw the funds therefrom, and that the sole and only cause of this litigation is the "obstinate refusal" of the bank to admit that the money was still on deposit with it. It is further argued that it was the duty of Hodge's successor in office, W. H. Harper, to perform the ministerial duty of transferring the money from the depository bank to the State Treasurer, and that such duty did not devolve upon it, the Casualty Company, as surety on the bond of Hodge. We agree with the contention that the bank was wholly unauthorized to withdraw the $1,500.00 from Hodge account upon the check signed by Faxon, and that its action in transferring such fund over to the Faxon account to make up a deficit therein was unauthorized, New Amsterdam Casualty Co. v. First National Bank of Gilmer, New Amsterdam Casualty Co. v. First National Bank of Gilmer, 134 S. W. (2d) 470, (error dismissed, correct judgment), but we cannot agree with the argument that it was the duty of Harper, Hodge's successor in office, to pay into the State Treasury the amount owing by Hodge. The argument assumes that by simply presenting to the bank a check drawn from the Hodge account by Harper in favor of the State Treasurer the transfer would be effected. The record indicates quite the contrary. The bank is contesting liability and not admitting liability. The Casualty Company itself claims that the bank obstinately refuses to admit that the money was on deposit with it. Besides, Harper has no authority to draw a check upon Hodge's account and owes no duty to do so. The State of Texas is admittedly entitled to this money. The duty does not devolve upon it to sue the bank. It was the statutory duty of Hodge (Art. 7260, R. C. S., Subd. 3) to pay the money to the State Treasurer. The Casualty Company was surety on his official bond which was conditioned that he would "well and faithfully perform all of the duties of his office as Assessor and Collector of Texas for and during the full term for which he was elected." That condition has been broken and the liability of the surety to pay has ,therefore, attached. As noted above, the trial court denied the Casualty Company a recovery over against the bank, without prejudice to its right of subrogation against the bank. Whether or not the question of the bank's

liability to the surety should have been adjudicated in this proceeding in order to avoid a multiplicity of suits is not before us for decision and for that reason we express no opinion with reference thereto.

The judgment of the Court of Civil Appeals affirming the trial court's judgment in favor of the State of Texas and the State Highway Department against New York Casualty Company will be affirmed. In all other respects the judgment of the trial court will remain undisturbed.

Opinion adopted by the Supreme Court February 24, 1943.

Rehearing overruled March 24, 1934.