## W. B. SHEPPARD ET AL. v. HENRY AVERY ET AL.

### No. 1108.  Decided May 26, 1902.

**1.—Limitation—Color of Title—Colony—Grant Outside Limits.**

A grant to a colonist in Austin's Little Colony, lying only partly within its limits, did not constitute color of title in those claiming thereunder to the portion outside the colony limits, such as would support limitation under the statute by possession for three years, as against claimants under a patent issued upon a location and survey made and returned before the Act of 1854 validating the colony grant. (Pp. 505-507.)

**2.—Same—Colony Grant—Validating Act—Proviso.**

The Act of 1854, which validated the colonist's grant to lands beyond the colony limits (void but for such act), but provided that nothing therein should affect the rights of third parties, did not, by the terms of the proviso, have such validating effect as against a location by a third party, made before, but patented after the validating act. It did not have the effect of a junior patent, as constituting color of title, and it was, as to such land already adversely located, as though no validating act had been passed. (Pp. 505-507.)

Question certified, on dissent, from the Court of Civil Appeals for the Third District, on error from Williamson County.

*West & Cochran,* for plaintiffs in error.—The grant to Willis Avery being void in so far as the land claimed by the plaintiffs is concerned, the record of a translated copy thereof from the Land Office, made in 1849, prior to the Act of February 2, 1854, confirming the grant, being made without authority of law, is inadmissible to show title or color of title. Act of 1836, Hart. Dig., art. 2754; Act of 1839, Hart. Dig., art. 2761; Pasture Co. v. Preston & Smith, 65 Texas, 454.

The Mexican grant to Willis Avery, under which defendants claim, being void in so far as the land in controversy is concerned, is insufficient

as a basis for the plea of limitation of three years. Marsh v. Weir, 21 Texas, 111; Smith v. Power, 23 Texas, 34; Parker v. Baines, 59 Texas, 17; Land Co. v. State, 1 Texas Civ. App., 616, writ of error refused.

The Act of February 2, 1854, confirming the grant to Willis Avery, did not give that grant such vitality as would make it sufficient to support the plea of limitation of three years, as against the plaintiffs, since by the very terms of the confirmatory act the rights of third parties, such as plaintiffs, was specially reserved. Hamilton v. Avery, 20 Texas, 631 et seq.; Griffith v. Sauls, 77 Texas, 635; Act of February 2, 1854 (3 Gammel Laws, p. 1473).

The proper construction to be given to the Act of February 2, 1854, is that it was the intention of the Legislature to grant to Willis Avery all that portion of his headright that lay outside of the limits of Austin's Little Colony, which, at the date of the passage of the act, had not already been legally appropriated by third parties. Since at that date the land in controversy outside of the limits of the colony had already been appropriated by parties under whom the plaintiffs claim, this act did not and could not affect their rights in any way, and neither the act itself nor the prior grant can, therefore, be made the basis of a limitation title under the three years statute. Same authorities.

The land in controversy having been appropriated by virtue of a valid outstanding land certificate long prior to the confirmatory Act of February 2, 1854, to hold that the latter gave any title or right to the land in suit would be to make the subsequent legislative grant impair the obligation of a valid contract and destroy vested rights without due process of law, in violation of the Constitutions of the United States and of this State. Fletcher v. Peck, 6 Cranch (U. S.), 87; United States v. Arredondo, 6 Pet., 738; Cooley, Const. Lim., 6 ed., 331; Cattle Co. v. Bacon & Graves, 79 Texas, 13; U. S. Const., clause 1, sec. 10, art. 1; also 5th and 14th amendments; Texas Const. 1845, secs. 14 and 16 of Bill of Rights.

The land in suit having been legally appropriated by a valid certificate, location and survey prior to the Act of February 2, 1854, neither the Mexican title to Avery nor the subsequent legislative grant to him can be made the basis of the defense of the statute of limitation of three years, as neither constitute title or color of title within the meaning of that term as applicable to said statute. Rev. Stats., 1895, art. 3341; Rev. Stats., 1879, art. 3192; Pasch. Dig., art. 4623; Land Mort. Co. v. State, 1 Texas Civ. App., 616; Brownson v. Scanlon, 59 Texas, 222; Green v. Hugo, 81 Texas, 452; Corley v. Parton, 75 Texas, 98; Besson. v. Richards, 58 S. W. Rep., 614.

*W. K. Makemson* and *N. A. Rector,* for defendants in error.—The court properly construed the validating act of 1854 as a legislative grant of all the land within its boundaries to Willis Avery, and in holding that the proviso "that nothing herein contained shall be construed as to affect the rights of third parties" was nothing more than the legislative

expression of the constitutional inhibition against interference with vested rights; and that such validating act gave title and color of title to Willis Avery under which he could prescribe under the three years statute of limitations. Charle v. Saffold, 13 Texas, 109; Pearson v. Burditt, 26 Texas, 172; Downs v. Porter, 54 Texas, 62; Whitehead v. Foley, 28 Texas, 13; Smith v. Power, 23 Texas, 33; League v. Rogan, 59 Texas, 433; Grigsby v. Mays, 84 Texas, 245; Anderson v. Neighbors, 59 S. W. Rep., 544; Converse v. Langshaw, 81 Texas, 277.

The court will observe that the language of the act is a full and perfect validation of the entire grant. It does not purport to be a partial validation of same, nor a perfect validation of parts of same; the proviso which followed did not limit the grant of title, but only the effect of the grant. Without the proviso, the Constitution would have so limited its effect. While it may be contended that we will not impute to the Legislature useless verbiage, yet·in almost all enabling or validating acts, we find the use of similar provisions. At the date of this act, as the plat in the transcript, page 30, will show, most all if not all of the Avery grant lying in Robertson's Colony limits had been located on by holders of land certificates. Every one of such locations that had not been patented (the Hays location was not patented until 1865) might have been floated and located elsewhere. And this right to float out certificates existed up to the passage of the Act of 1856 prohibiting it. If the holders of the Hays certificate had floated it after the act of validation and prior to the Act of 1856, would the land covered by its location have reverted to the public domain and been subject to the location of other certificates? If not, but if the validated Avery grant would have held it, then plaintiffs in error's contention must fall.

If plaintiffs in error are right in their contention, then the language of the validating act would have been "are hereby validated as to such parts as may not now be covered by location of valid land certificates." Or the proviso would have read, "provided, nothing herein shall be so construed as to validate any portions thereof that may now be appropriated by the location of valid land certificates," or, "that may now be held by third parties under existing or vested rights." Certainly if the Legislature had in mind only to do what plaintiffs in error now claim for said act, they would have used language clearly and specifically expressing that idea. The act of·validation did not affect the rights of third parties. If the act had purported to divest the rights of third parties, the act would have been unconstitutional. The Legislature was powerless to do that.

What affected the rights of the plaintiffs in error was the subsequent acts of Avery, who took exclusive adverse possession of the land sued for, and held in for more than a sufficient length of time to bar them under the statute of three years, under a title which as to them was a junior and inferior title.

The said validation was a legislative grant of the entire survey to Willis Avery, the field notes of which were defined in the grant of 1832.

It conveyed no title, it is true, that could prevail as title against the Hays location, but it was nevertheless a complete grant of the entire survey, covered in part by the location of the Hays certificate, and if under the junior and inferior title the owners of the older and superior title suffered an entry and adverse possession for over three years, they lost their title; and such possession being admitted, the court below properly instructed the jury to return a verdict for defendants.

BROWN, Associate Justice.—The Court of Civil Appeals of the Third Supreme Judicial District has certified to this court the following statement and questions:

" 'The suit was originally brought in the form of trespass to try title by W. B. Sheppard and West & McGown, against Henry Avery, John Avery, Martin Avery, Hugh Avery, Nancy Avery, Albert Avery, Mary E. Avery, and V. R. C. Avery, to recover the east half of the William C. Hays 1280-acre survey in Williamson County, Texas, described in a petition filed August 26, 1891. Another suit was filed September 8, 1891, by Charles Tinsley against Henry Avery, Mrs. Sarah Ann Avery, Mrs. Nora Mayhall and her husband, Albert Mayhall, Thomas Avery, Melinda Avery, James Avery, John Avery, Martin Avery, Hugh Avery, Nancy Avery, Albert Avery, and Mary E. Avery, and against V. R. C. Avery, as guardian of the estates of the said John, James, Martin, Hugh, Nancy, Albert, and Mary E. Avery.

" 'This suit was also in form of trespass to try title for a specific 195 acres on the east half of the said Hays survey. The suits were consolidated. Defendants answered by pleas of not guilty, three, five, and ten years limitation, and claim for valuable improvements. The court peremptorily charged the jury to find for the defendants on the ground that under the evidence and admission of counsel for plaintiffs, defendants' plea of the statutes of limitation of three years should prevail. Judgment was rendered on July 16, 1901, accordingly, for the defendants, from which plaintiffs have sued out this writ of error. This case has been before this court heretofore (32 Southwestern Reporter, 791), and also before the Supreme Court (89 Texas, 301), but upon different questions.'

"Error is assigned to the trial court's charge, peremptorily directing a verdict for defendants.

"Plaintiffs claimed the land by virtue of location and survey of a valid bounty land warrant for 1280 acres of land, dated December 11, 1846, issued to the heirs of W. C. Hays; the field notes of the location duly filed in the State Land Office the 16th day of February, 1849. The land claimed by defendants is a portion of the Willis Avery grant, which lies outside of Austin's Little Colony, in Robertson's Colony. Defendants are the heirs of Willis Avery, and claim under grant to him as a colonist in Austin's Little Colony, dated November, 1832, a translated copy of which was filed for record in Williamson County, May 19, 1852, and duly recorded, and also duly recorded in deed records of Travis County,

August 24, 1840. The grant to Avery covered land in and outside of Austin's Little Colony,—that outside being the land in controversy. A patent was issued to the heirs of Hays, October 14, 1865, by virtue of the location and survey of his bounty warrant. Plaintiffs admitted possession of the defendants was sufficient under the three years statute of limitations, which had been set up as a bar to plaintiffs' suit, and the court, holding that the Avery grant of the land in controversy outside of Austin's Little Colony, having been validated by Act of the Legislature of 1854, was sufficient title under the statute of three years limitation, directed a verdict for defendants. Plaintiffs denied that the Avery grant of the land outside of the Little Colony, covered by their location and survey, could support limitation of three years.

"Opinion.—The court's charge directing a verdict for defendants under the admission of three years possession is the question involved in this appeal, plaintiffs claiming that the Act of 1854, confirming the grant to Avery, did not have the effect of confirming that grant as to the land then located by virtue of the Hays certificate; that the grant to Avery of land outside of Austin's Little Colony was void, and is still void as to plaintiffs' location; and therefore can not support the statute of limitations of three years.

"The act of the Legislature in question was passed February 2, 1854. It is an act confirming certain headrights of land lying on the boundary line of Robertson's Colony and Austin's Little Colony, and reads as follows:

"'Sec. 1. Be it enacted by the Legislature of the State of Texas, that the headrights of land granted to colonists before the 13th day of November, 1835, and lying or being intersected or crossed by the boundary line of Robertson's Colony and Austin's Little Colony, and being part in one of said colonies and part in the other, are hereby declared to be as valid as if such headrights were lying and being wholly within the colony where such headright grants were issued; provided, that nothing herein shall be so construed as to affect the rights of third parties.'

"The Avery grant was a grant to him as a colonist in Austin's Little Colony. At the time the act was passed the Hays bounty warrant was located and the survey duly returned to the General Land Office, thus appropriating the land in dispute.

"The land covered by the Hays location comes clearly within the proviso of the act of validation, and was not affected by the act. It is distinctly excepted from the operation of the act by the proviso. The grant to Avery outside the limits of Austin's Little Colony was void in the beginning, and is still void as to the Hays title, and not such title or color of title as will support the statute of limitations of three years. Land and Mortgage Co. v. State, 1 Texas Civ. App., 620; Smith v. Power, 23 Texas, 33; Hamilton v. Avery, 20 Texas, 630, et seq.; Howard v. Perry, 8 Texas, 262; Griffith v. Sauls, 77 Texas, 635; Suth. on Stat. Const., sec. 222.

"As to the location of a certificate of land, and what severs the land from the public domain, see 49 Texas, 488; 26 Texas, 706; 51 Texas,. 381-383; 82 Texas, 416.

"The dissenting opinion is as follows:

"'The writer does not concur with the majority of the court in holding that the grant to Avery outside of Austin's Little Colony is not such title, or color of title, as will support the three years statute of limitations. It was decided in Hamilton v. Avery, 20 Texas, 630, that so much of the original grant as extended beyond the limits of Austin's. Little Colony was void, because the officer who issued the grant had no authority to grant title to lands beyond the limits of that colony; and if the Legislature had not passed the validating act of February 2, 1854,. the Avery grant would not be such title, or color of title, as would support the statute of limitations. The act referred to constitutes a legislative grant, and as the Legislature possesses plenary power over all the public lands of the State, the grant was not void because of a lack of power on the part of the Legislature to make such grants. Although others, by reason of prior locations, may have acquired superior rights to all the land covered by the Avery grant, still, as the Legislature had the power to grant to Avery a title to the land that would be binding upon the State, the grant made by the legislative enactment referred to was not absolutely void. It occupied the attitude of a junior patent, and it is well settled that a junior patent or grant will support the three years statute of limitations. Converse v. Langshaw, 81 Texas, 277; Grigsby v. Mays, 84 Texas, 245.

"'But it is contended that the proviso in the act referred to restricts. the legislative grant, and excludes from its operation the land in question, because prior to that time W. C. Hays, under whom appellants. claim, had made a valid location thereon. It is not believed that this is a proper construction of the act. In so far as the State is concerned,. it grants title to all the land embraced within the original Avery grant;. and, in the opinion of the writer, the proviso was not intended to restrict the boundaries of the land granted, but to declare and settle the proposition that the grant thus made should be subordinate to the rights which third parties might then have to the land.

"'In conclusion, and as expressing my views in reference to this. statute, I make the following quotation from the opinion of the Supreme Court in Hamilton v. Avery, supra: "The construction which alone: comports with the intelligence, justice, and impartiality of our Legislature is that the proviso was inserted to prevent misconstruction of and speculation as to the meaning of the act, and to give express notice that it was not their design to affect, impair, or destroy, even if they had the power to do so, any right of a third party which had attached to the land previous to the act, whether such right was perfect or imperfect.. They were simply willing to grant Avery the land, but not to give him a preference over anyone else who had rights in it.'"

"'W. M. KEY, Associate Justice.'"

"So much of the facts as are stated in the opinion of the majority of the court we find to be true.

"The Court of Civil Appeals of the Third Supreme Judicial District. of the State of Texas, through its Chief Justice, certifies to the Supreme Court the following question:

"Was the majority of the court correct in its construction of the statute set out in the opinion of the court; or should it be construed as. stated in the dissenting opinion?"

The construction placed upon the act of the Legislature of February 2, 1854, by the majority opinion is correct.

If the proviso to that statute be omitted, the act would be a grant by the State of Texas for the land which had been previously located by the Avery grant, and would have the legal effect of a junior patent. But with the proviso inserted in the act, it does not constitute a grant of the land as against the location and survey under the Hays bounty warrant,. made prior to the enactment of the law, because it is specially provided that the act shall not be construed so as to *"affect the rights"* of such persons. In other words, as to the survey which had been made upon this land prior to the passage of that act, the act itself. was to be considered as if it had never passed. It granted nothing as against the owner of that location and survey. If it were held that such a grant constituted color of title as against the Hays location it would *"affect the rights"* of the parties holding under that survey, which the terms of the statute itself forbid.