**LIBERTY MUTUAL INSURANCE COM-
PANY, Appellant,**

v.

**HEARD & JONES DRUG STORES, INC.,
et al., Appellees.**

No. 7984.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 27, 1969.

Underwood, Wilson, Sutton, Heare &
Berry and R. A. Wilson, Amarillo, for ap-
pellant.

Burrell B. Evans, Tulia, for appellees.

DENTON, Chief Justice.

This is a venue case. Heard & Jones
Drug Stores, Inc., Heard & Jones, Incor-
porated, and Heard & Jones of Pampa,
Inc., sued Liberty Mutual Insurance Com-
pany in Swisher County on a bond de-
signed to indemnify the plaintiffs against
loss through fraudulent or dishonest acts
committed by plaintiffs' employees. The
bond was designated a Blanket Position
Bond. From an order overruling the plea
of privilege filed by the defendant, a for-
eign corporation authorized to do business

in Texas, the defendant has perfected this appeal.

The three named corporations were collectively insured under the Blanket Position Bond. It is undisputed the bond was in force and effect during the times material here. Suit was filed in Swisher County, the county of residence of Heard & Jones Drug Stores, in behalf of the other two corporations, alleging losses suffered by the dishonesty of an employee of the Borger store and by an employee in the Pampa store. The plea of privilege to be sued in Dallas County was controverted on the ground venue could be maintained in Swisher County under Subdivisions 23 and 27 of Article 1995, Vernon's Ann.Tex.Civ. St.

■ The defendant contends the trial court erred in overruling its plea of privilege since the plaintiffs failed to prove by competent evidence that a cause of action existed against the defendant, or that their because of action or a part thereof arose in Swisher County. Subdivisions 23 and 27 of Article 1995, provide that suits against private and foreign corporations respectively may be brought in any county where the cause of action or a part thereof arose. The law imposes the burden upon the plaintiff to prove that it has a cause of action and that the cause of action or a part thereof arose in Swisher County. Jones v. Philco Distributors, Inc. et al. (Tex.Civ. App.), 416 S.W.2d 611; O. M. Franklin Serum Company v. C. A. Hoover & Son et al. (Tex.Civ.App.), 410 S.W.2d 272, ref., n.r.e., 418 S.W.2d 482.

Under the terms of the bond if more than one insured is covered under the bond, "the insured first named shall act for itself and for every other insured for all purposes of the Bond." Heard & Jones Drug Stores, Inc., the first named insured with its principal office in Tulia, Swisher County, brought this suit as plaintiff and in behalf of the Hutchinson and Gray County corporations.

■ The plaintiffs allege losses were sustained by the fraudulent misappropriation of money and merchandise by two named employees in both its Borger and Pampa stores. Evidence of losses in the Borger store was in the form of an unsworn, hand written statement signed by employee Pettigrew. The statement addressed to Mr. Heard, president of the plaintiff corporation, confessed to taking some $530.00 in money and $600.00 in merchandise over an eleven month period ending in December 1967. Plaintiff offered the statement in evidence, and it was admitted over the defendant's objection that it constituted hearsay. Plaintiffs contend the statement was admissible as a declaration against interest.

In 31A C.J.S. Evidence § 218, the general rule is stated that a declaration against interest is admissible only where the declarant is unavailable as a witness. 2 McCormick and Ray, Texas Law of Evidence, Section 1003, has this to say relative to unavailability of the declarant: "But what is sufficient cause of unavailability? Death, of course, is everywhere regarded as sufficient. Moreover, it is generally held that the declarant must be shown to be dead before the declaration can be received. But it is believed that this view is unnecessarily strict. There seems to be no sound reason for excluding the declaration when the party offering it is for any reason unable to secure the testimony of the declarant." Texas courts have held a declaration against interest admissible where the declarant was shown to be dead. Duncan v. Smith (Tex.Sup.Ct.), 393 S.W.2d 798; extreme illness is sufficient unavailability. Griffith v. Sauls, 77 Tex. 630, 14 S.W. 230; and insanity was held to be sufficient in New Amsterdam Casualty v. First National Bank of Gilmer (Tex.Civ. App.), 134 S.W.2d 470 (dism. judg. cor.).

■ In support of its contention the statement is admissible as an exception to the hearsay rule, plaintiffs rely upon Sutter v. Easterly, 354 Mo. 282, 189 S.W.2d 284, 162 A.L.R. 437. In that case the

Court held the claim by the declarant of his privilege not to testify on the ground that it might incriminate him satisfied the unavailability requirement. We agree that under such circumstances the witness "was just as unavailable as a witness as though he were dead," but in the Sutter case the declarant was "produced as a witness, but refused to testify." In the present case the witness was not produced as a witness, nor was it shown he was dead, ill, insane, or out of the jurisdiction of the Court, or otherwise unavailable to testify. There was absolutely no evidence of the declarant's unavailability. Under this record the written statement attributed to Pettigrew was not admissible as a declaration against interest, and is not competent evidence to support plaintiffs' claim of loss.

 Elsie Payne, an employee in plaintiffs' Borger store, testified Pettigrew was employed as a janitor, "but he did help in sales." She testified she had seen Pettigrew take cigarettes; that he told her at the time that he rang them up, but that she did not see him do so. She missed "a few things" she could not account for and explained it by saying: "He (Pettigrew) was there after I would leave in the evening, and I know he was behind the counter and I did miss merchandise." This is not probative evidence of fraudulent or dishonest acts committed by the employee, Pettigrew.

Plaintiffs further plead it suffered a loss in its Pampa store during a period from November 1966 through July 25, 1967. The alleged loss consisted of merchandise fraudulently misappropriated by the store manager and other unknown employees. The plaintiffs' president testified that merchandise ordered by the Pampa store did not appear on sales tickets, and he particularly noticed the disappearance of watches and cameras. He further testified "there was a shortage in that box" referring to a cash box in the store whose key was in the manager's possession. A part time employee of the Pampa store testified of instances when she gift-wrapped merchandise at the store manager's direction, and placed it in his automobile. She saw no sales slips for this merchandise, however, she could not testify that no sales slips were written. This does not constitute evidence that the merchandise was fraudulently misappropriated, nor does the record reveal the amount of the shortage in the cash box, nor the circumstances under which it appeared, nor the method of record keeping. We are therefore compelled to conclude the plaintiffs failed to discharge their burden of proving they suffered a loss through fraudulent or dishonest act or acts committed by its employees. They have therefore failed to prove a cause of action against this defendant.

The order overruling the defendant's plea of privilege is reversed, and the cause is ordered transferred to Dallas County.