**F. Lutcher BROWN, Appellant,**

v.

**Olive McCollum BROWN, Appellee.**

No. 1087.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 26, 1975.

Rehearing Denied March 26, 1975.

Seagal V. Wheatley, Carl Robin Teague, Luther H. Soules, III, Oppenheimer, Rosenberg, Kelleher & Wheatley, San Antonio, for appellant.

Dan G. Matthews, Robert M. Welch, Jr. Daniel K. Hedges, Fulbright & Jaworski, Houston, for appellee.

TUNKS, Chief Justice.

This is a divorce case. After a non-jury trial the trial court rendered judgment granting the plaintiff Olive McCollum Brown, divorce from her husband, F. Lutcher Brown. The trial court's judgment named the plaintiff as managing conservator and the defendant as possessory

conservator of Federico Lutcher Brown, age 10, the only child of the marriage who was under 18 years of age. The judgment ordered the defendant to pay $1500 a month for support of the minor child. The wife was awarded a money judgment of $25,000,000 against the husband as representing the value of her interest in the community estate. The wife was also awarded a judgment for the use and benefit of her attorneys for $1,250,000, representing attorney's fees incurred in the presentation of the divorce.

The defendant husband has appealed. While his appeal is not limited in scope, no points of error attack those portions of the judgment decreeing the divorce and fixing the conservatorship and support of the minor child.

The contentions set out in appellant's brief as bases for reversal of the trial court's judgment are, generally stated, as follows:

(1) There was no such service of citation on appellant as to empower the court to exercise in personam jurisdiction over him and render a valid judgment against him for the money contended to represent the value of the wife's interest in the community estate.

(2) Appellant was prevented from obtaining a statement of facts fully and fairly reproducing the evidence heard at the trial and on which the judgment was based.

(3) The evidence did not factually or legally support the judgment against him for $25,000,000 as representing the value of the wife's interest in the community estate.

(4) The trial court erroneously charged the wife's attorney fees against the husband's share of the community.

These contentions will be discussed in the order in which they are listed.

### The Court's Jurisdiction

Plaintiff's petition for divorce was filed in the Court of Domestic Relations No. 2 of Harris County on November 21, 1972. The petition alleged the domiciliary and residential requirements for the plaintiff's maintenance of the suit. (Those facts were later proven by plaintiff.) The petition alleged that the defendant was a nonresident of Texas.

On November 22, 1972, the defendant was personally served, in Washington, D. C., with citation and an order to appear before the court on January 8, 1973, to show cause why certain ancillary orders requested by the plaintiff should not be rendered by the court. The defendant did not appear at the date fixed in the show cause order.

On May 21, 1973, there was filed in the case an instrument entitled "Special Appearance Pursuant to Rule 120a, T.R.C.P. and Stipulation." That instrument recited that,

COMES NOW F. Lutcher Brown and makes this, his special appearance, objecting to the jurisdiction of the Court over his person and property, and makes the following stipulation and agreement:

1.

F. Lutcher Brown is not a citizen of the United States and this Court has no jurisdiction over his person or property, and he is not amenable to process issued out of this Court.

2.

Reserving such special appearance and objection to jurisdiction, F. Lutcher Brown has agreed and stipulated to the following:

. . . . . .

The stipulation and agreement referred to was to the effect that defendant would pay $7000 a month "as temporary alimony" to the plaintiff through the Harris County Probation Department. It was agreed that

these monthly payments should be in the form of cashier's checks. It was also recited that,

> [i]n the event, and only in the event the undersigned fails to deliver or have delivered, on or before the 20th day of each consecutive month commencing with June 20, 1973, prior to 5:00 p. m. on the 20th day of each such month, said $7,000.00 payments to the Harris County Probation Department, then, and in that event only, such special appearance as herein made is automatically withdrawn and this pleading shall automatically constitute a general denial and general appearance in this proceeding for all purposes by the said F. Lutcher Brown.

This instrument was signed and acknowledged by the plaintiff and defendant and was signed by their attorneys.

On October 10, 1973, the defendant was again personally served with citation and a show cause order, this service being effected in San Antonio, Texas.

On February 20, 1974, the defendant failed to deliver to the Harris County Probation Department a cashier's check in payment of the monthly alimony. Rather, he sent his personal check, which did not arrive until February 22.

On November 6, 1973, the plaintiff's attorney gave notice of intention to take the oral deposition of defendant in Houston on November 30. This notice of deposition was served on defendant's attorneys who were named in the "stipulation" that was included in the instrument by which he made his special appearance. It was there agreed that those named attorneys were authorized to receive notice in his behalf. The defendant, without explanation, failed to appear. The plaintiff then moved the court to impose sanctions on the defendant, under Texas Rules of Civil Procedure, rule 215a, because of this failure to appear for deposition. Upon hearing that motion the court ordered that defendant appear and give his oral deposition on February 12,

1974. At that hearing of plaintiff's motion, the court deferred its ruling on the plaintiff's request for the imposition of sanctions until after February 12. The defendant again failed to appear on February 12. The court thereupon granted the plaintiff's motion for imposition of sanctions and ordered that the defendant not be permitted to present any grounds of relief or defense.

On March 15, 1974, the trial court made an order specially setting the case for trial on the merits on June 10, 1974. This order of setting was forthwith served on the attorneys for the defendant. Neither during the approximately ten months between the time of defendant's filing of his special appearance and the time the court set the case for trial on its merits, nor during the more than eighty days between the time of such setting and the date of the trial on the merits, did the defendant ever cause his special appearance to be set down for hearing or otherwise offer or try to offer proof of the factual bases of his contention that the court lacked authority to exercise its jurisdiction. In fact, though ordered by the court to do so, he refused to present himself for the taking of his deposition wherein the facts upon which he based his denial of the court's jurisdiction could have been developed.

■ We overrule the appellant's challenge to the trial court's authority to exercise in personam jurisdiction over him. In the first place, the record shows personal service of citation upon him within the state, at San Antonio, on October 10, 1973. That effectively shows, prima facie, the court's jurisdiction. It might have been possible for him to have shown facts rebutting that prima facie proof of jurisdiction. He might have so rebutted it by showing that his presence in the state was connected with his presentation of his contest contained in his special appearance, Oates v. Blackburn, 430 S.W.2d 400 (Tex.Civ.App. —Houston [14th Dist.] 1968, writ ref'd n. r. e.), or that such in-state service on him

was procured by fraud. 2 R. McDonald, Texas Civil Practice § 9.14 (1970). The fact is that he neither showed nor offered to show these or any other facts that might refute the prima facie proof of the court's jurisdiction that grew out of the personal service of citation on him within the state.

■ Secondly, the defendant agreed, in the stipulation attached to his special appearance, that in the event of his failure to timely make his monthly temporary alimony payments by cashier's check to the Harris County Probation Department, his special appearance should be considered a general appearance. The uncontroverted evidence shows such failure. He thus entered his general appearance which empowered the court to exercise jurisdiction over his person. Tex.R.Civ.P. 121.

■ The defendant's special appearance was, of itself, an appearance. It constituted a submission to the court's jurisdiction unless proof was made of facts showing the absence of such jurisdiction. As to those facts the defendant had the burden of proof. Roquemore v. Roquemore, 431 S.W.2d 595 (Tex.Civ.App.—Corpus Christi 1968, no writ). Under the facts of this case, the defendant's failure to set a hearing on his special appearance and present facts showing the court's want of jurisdiction can be construed as a waiver of the special nature of his appearance, so that it amounted to a submission to the court's jurisdiction. Also, his refusal to comply with the court's order that he appear for his deposition justified the court in its order that he be denied the privilege of presenting such defense. Roquemore v. Roquemore, *supra;* Tex.R.Civ.P. 215a.

### The Statement of Facts

Despite the fact that appellant's counsel, on March 21, 1974, was furnished with a certified copy of the trial court's order specially setting the case for trial on the merits on June 10, 1974, neither appellant nor his counsel was in attendance at the court at the time when the case was set and tried. Appellant did not request a postponement and did not then, and does not now, offer any valid explanation for his failure or for his counsel's failure to attend. The case proceeded to trial in his and his counsel's absence. There was no request that a court reporter record the testimony in question-and-answer form and such was not done. For that reason appellant has been unable to procure a statement of facts reciting in question-and-answer form the evidence heard. He contends that the failure of the trial court to have a court reporter present denies him a full review of the judgment and is reversible error. We overrule the contention.

After the judgment was rendered, the appellant requested the trial judge to file a narrative statement of facts pursuant to Tex.R.Civ.P. 377(d), and submitted his proposed form and substance thereof. The appellee declined to agree to the proposed statement so submitted. The trial judge found that appellant's proposed statement of facts did not conform to the evidence presented at the trial. The trial judge at first refused appellant's request for a narrative statement, but subsequently, within the time allowed by Tex.R.Civ.P. 386, did prepare and cause to be filed with this Court such a statement. The trial judge also prepared and filed findings of fact and conclusions of law, which appear in the transcript.

The appellant points out that Vernon's Tex.Rev.Civ.Stat.Ann. art. 2324 (1971), in mandatory language, imposes upon an official court reporter the duty to attend all sessions of the court and to take full shorthand notes of the oral testimony, etc. *See* Ex Parte Gonzales, 414 S.W.2d 656 (Tex. Sup.1967). The appellant here argues with much persuasion that a litigant is entitled to assume that the court reporter will obey the mandate of the statute, that the trial court will see that he does so, and that the litigant may rely on that assumption so that his failure to specifically request such

recording does not constitute a waiver of his right to it.

As an incident to his right to review of evidentiary points of error, an appellant is ordinarily entitled to a record showing the evidence upon which the appealed from judgment is based. If, without fault of his own and after exercise of diligence, an appellant is deprived of a statement of facts, his right to review must be made effective by a remand of the case for another trial. Harris v. Lebow, 363 S.W.2d 184 (Tex.Civ.App.—Dallas 1962, writ ref'd n. r. e.). But this is not a case in which the appellant has been deprived of a statement of facts. The trial judge, having stated that he specifically remembered the evidence, has prepared a narrative statement which is filed in this appellate record. Appellant's point is based upon his inability to get a *question-and-answer* statement.

It often has been held in Texas that the showing of the inability of an appellant to get a question-and-answer form of statement of facts did not present reversible error in the absence of a showing that the appellant was also unable to get a statement of facts by use of the alternative methods provided by Tex.R.Civ.P. 377. By those alternatives a statement of facts may be made up by agreement of the parties, or, absent such an agreement, by the trial judge. Whatley v. Whatley, 493 S.W.2d 299 (Tex.Civ.App.—Dallas 1973, no writ); Harris v. Lebow, *supra;* Johnson v. Brown, 218 S.W.2d 317 (Tex.Civ.App.—Beaumont 1948, writ ref'd n. r. e.).

It reasonably follows that if the showing of unavailability of a question-and-answer statement of facts does not show a ground for reversal unless it is also shown that no statement is available from the alternative sources, then the unavailability of a question-and-answer statement of facts does not require reversal where there is available, and appellant is furnished, a narrative statement certified by the trial judge.

While a litigant is entitled to have the official court reporter, if available, record the testimony of witnesses in question-and-answer form, that right can be waived. Robinson v. Robinson, 487 S. W.2d 713 (Tex.Sup.1972). In Dugie v. Dugie, 511 S.W.2d 623, 624 (Tex.Civ.App. —San Antonio 1974, no writ), the Court said: "Here neither appellant nor his attorney were present at the trial, and therefore, it cannot be said that appellant's failure to object to the absence of the court reporter was a waiver." In Dugie, however, the record showed that defendant had a valid cause to believe that the case would not go to trial on the merits, and he was absent from the court for that reason. That fact was relevant to the appellate court's holding that the defendant's absence was not a waiver of his right to have the evidence recorded by a court reporter. The concurring opinion in that case held that the appellant was entitled to have the judgment against him set aside under the rule announced in Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S. W.2d 124 (1939, opinion adopted). From that holding it may be inferred that the record showed that the defendant's absence from court was not intentional or the result of conscious indifference. The facts of this case are significantly different. Here the defendant had been given notice about three months in advance that the case was specially set for trial on the merits on the date at which such trial was had. This notice was given to his named counsel whom he had agreed in writing were authorized to receive notice on his behalf. Furthermore, the defendant had ignored plaintiff's notice of intent to take his deposition and had failed to comply with the trial court's specific order that he appear for such deposition. This record, rather than negating the fact that this defendant's absence from court was the result of his intention or conscious indifference, strongly supports the conclusion that it was intentional and the result of a conscious indifference to the court's special notice of the date for the trial on the merits. Under

the facts of this case, we hold that the defendant's failure to be present at the time of trial amounted to a waiver of his right to have the court reporter record the evidence and a consequent waiver of his right to a question-and-answer statement of facts.

In regard to our holding that the defendant waived his right to a question-and-answer statement of facts, we note that the court's judgment was purely civil in nature as distinguished from an order or judgment leading to the incarceration or other punishment of a litigant. Conduct may constitute a waiver in a civil proceeding that would not be held to constitute such a waiver in a criminal or quasi-criminal proceeding.

Evidentiary Support of the Court's Judgment as to Community Property Division

The evidence upon which the trial court based its decree awarding the appellee a money judgment against appellant as representing the value of the wife's interest in the community, is the oral testimony of the wife and certain instruments identified and attached to the judgment. Mrs. Brown testified that she had personal knowledge of the nature and extent of the community property, that she had an opinion as to its value, and that its value was $55,000,000. She testified that the community property consisted largely in the ownership of all of the stock in six corporations. One of the documents identified by her was an instrument by which certain properties owned by three of the corporations had been pledged to the Inter-American Development Bank with the residual interest in those properties reserved to those corporations, of which the community owned all of the stock. That instrument listed the items of property concerned and was attached to the court's judgment.

Mrs. Brown also identified a document as a Management Agency Agreement by which it was agreed that certain described and itemized property held in the name of one of the other corporations would be managed and administered by the Whitney National Bank of New Orleans. This instrument, too, was attached to the court's judgment.

It is appellant's argument that the evidence is not legally or factually sufficient to establish either title to or value of the properties in question. Unlike the situation in a trespass to try title case, title to specific parcels of real estate is not at issue in this case. The issue which was before the trial court was the value of the community estate. In this regard appellee did not contend that record title to the real property was held in the name of the community estate but that the community estate consisted of beneficial interests held by the community through corporations. 46 Tex.Jur.2d Property § 6, at 470–71 (1963), states the general rule of law in this area as follows:

If the suit does not directly involve an issue as to the title of property, proof of ownership may consist in any character of evidence that tends to establish the fact, including oral testimony.

In Campbell v. Peacock, 176 S.W. 774, 777 (Tex.Civ.App.—San Antonio 1915, no writ), the Court held that in an action other than trespass to try title, "[o]wnership and possession each can be proved by direct testimony of a witness. . . . Any testimony tending to show ownership or control would be sufficient."

Similarly, it is the law in Texas that anyone who says that he is familiar with the value of property, particularly an owner of it, may testify as to that value. As the Court stated in Cortez v. Mascarro, 412 S.W.2d 342, 343 (Tex.Civ.App.—San Antonio 1967, no writ):

The general rule is that anyone familiar with the value of the thing in question is competent to give his opinion as to value. In the absence of a request for voir dire examination, the competency of the

witness is established by his statement that he knows the value of the article in question. 2 McCormick, Texas Law of Evidence, § 1422, p. 260 (1956). The strength or weakness of the qualifications of the witness is merely a factor to be considered in weighing his testimony.

*Accord,* Long v. Surls, 275 S.W.2d 728, 735 (Tex.Civ.App.—Dallas 1955, writ ref'd n. r. e.).

■ Mrs. Brown also testified that the correctness of her knowledge of the nature and extent of the parties' properties and her opinion as to their value were confirmed by recent discussions with, and recent statements and admissions made to her by, her husband. Such declarations by a party who intentionally absents himself from depositions and trial are evidence supporting the trial court's findings of facts. Liberty Mut. Ins. Co. v. Heard & Jones Drug St., Inc., 446 S.W.2d 911 (Tex.Civ.App.—Amarillo 1969, no writ); 2 C. McCormick and R. Ray, Texas Evidence § 1001, at 1 (2d ed. 1956).

■ We hold that the evidence offered at the trial was both legally and factually sufficient to support a judgment for appellee for $25,000,000. This evidence consisted of both oral testimony and documentary evidence, and it was not controverted either directly or indirectly by appellant. Therefore, appellant's points of error as to the evidentiary support of the judgment are overruled. We hold that the evidence sustains the court's finding of fact that the value of the community estate "exceeds $50 million." The conclusion of law that the appellee "should be awarded a money judgment of $25,000,000" is not erroneous.

### Attorney's Fees

The trial court concluded that "[i]n order to effect an equitable division of the estates of the parties, and as a part thereof, Olive McCollum Brown should be granted judgment against F. Lutcher Brown in the additional amount of $1,250,000 for attorneys fees for the benefit of her attorneys Fulbright & Crooker." In accordance with that conclusion, judgment for attorney's fees was so rendered.

The appellant does not question the evidentiary support for the trial court's finding of fact that $1,250,000 represented a reasonable attorney's fee. His only contention is that "[a]ttorney's fees should not be awarded to the wife when her share is ample for reasonable attorney's fees." He cites as authority for this statement Smith v. Horton, 485 S.W.2d 824 (Tex. Civ.App.—Texarkana 1972, writ dism'd) and Cooper v. Cooper, 513 S.W.2d 229 (Tex. Civ.App.—Houston [1st Dist.] 1974, no writ).

Smith v. Horton is not in point. That was a suit, after the divorce, by the former wife against the former husband for attorney's fees incurred in the former divorce proceeding. As to Cooper v. Cooper, while it contains some language supporting the general proposition stated by appellant, the Court nevertheless sustained that portion of the trial court's judgment charging the wife's attorney's fees against the husband's estate. The Court said at page 234,

> Where both parties to a divorce action have substantial estates in their own right and in addition there is community property, there is ordinarily no justification for charging the wife's attorney's fees against the husband's estate. The proper approach to the problem was set out in Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002 (1950), where the court said:
>
> > "The attorney's fee is but a factor to be considered by the court in making an equitable division of the estate, considering the conditions and needs of the parties and all of the surrounding circumstances."

■ In this case the court, as indicated by its above conclusion, fixed liability for the wife's attorney's fees as a part of its "making an equitable division of the es-

tate." Under Vernon's Tex. Family Code Ann. § 3.63 (1975), the trial court has broad discretion in dividing the community estate "in a manner that the court deems just and right. . . ." At the time of the Carle case, quoted in Cooper v. Cooper, the court had similar discretion under the preceding counterpart to Section 3.63, which was Tex.Rev.Civ.Stat.Ann. art. 4638 (1960). This appellant does not state nor argue that the trial court's judgment as to attorney's fees, which was made in equitable division of the community, was an abuse of the discretion given by Section 3.-63.

Appellant's point as to attorney's fees is overruled.

The judgment of the trial court is in all things affirmed.