STEGALL & STEGALL, a Texas Partnership, Appellant,

v.

Arthur COHN, Jr., et al., Appellees.

No. 18157.

Court of Civil Appeals of Texas, Fort Worth.

Dec. 27, 1979.

Ledford E. White, Fort Worth, for appellant.

Henry E. Kerry, Hooper & Chappell, and Douglas R. Hudman, Fort Worth, for appellees.

## OPINION

SPURLOCK, Justice.

This is an appeal of an order sustaining a defendant's plea to the jurisdiction and dismissing the plaintiff's suit. The questions for decision include whether the defendants could properly amend their plea to the jurisdiction by verifying it after the trial court held a hearing, and whether the defendants waived their special appearance.

We affirm.

Stegall & Stegall, a law firm, sued Arthur Cohn, Jr., and Sun Bank of Miami (Florida), Bal Harbour Branch in an attempt to enforce a promissory note executed by Frances Cohn for legal services rendered to her. Mrs. Cohn died but the firm did not receive any notice of her death. Her will was probated in Florida and all her property was bequeathed to the Bank as trustee for Arthur Cohn, Jr., the sole beneficiary under a testamentary trust. The firm seeks to recover on the note from funds directly traceable to the estate of Mrs. Cohn pursuant to Tex.Bus. & Comm. Code Ann. Sec. 23.01, et seq. (1968).

Cohn and the Bank were served with process under the Texas long-arm statute, Tex.Rev.Civ.Stat.Ann. art. 2031b (1964). Both defendants attempted to enter a special appearance under Tex.R.Civ.P. 120a. However, their plea to the jurisdiction, in the form of a joint motion to dismiss for lack of jurisdiction, was defective because it was unverified as required by Tex.R.Civ.P. 120a. The defendants' motion to dismiss was filed April 25, 1978. On June 5, 1978, the firm filed a motion for summary judgment. Pursuant to this motion a hearing was set for June 6, 1978. There is no indication in the record that a hearing was held. However, both parties stated in their briefs that a hearing was held on June 6.

The firm claims that the hearing was held on its motion for summary judgment

which it further claims Cohn and the Bank defended. The defendants claim the hearing was on their motion to dismiss for lack of jurisdiction. The order sustaining the defendants' motion does not state whether a hearing was held. That order was signed October 27, 1978.

On July 11, 1978 the defendants amended their motion to dismiss and properly verified it as required by Tex.R.Civ.P. 120a. Already noticed is that on October 27, 1978 the trial court signed an order finding that it did not have jurisdiction over the defendants, and dismissing the case for lack of jurisdiction.

The trial court filed findings of fact and conclusions of law. The court found that the defendants were served with process pursuant to Tex.Rev.Civ.Stat.Ann. art. 2031b (1964), that the defendants timely filed a special appearance objecting to lack of jurisdiction; that neither defendant is a Texas resident or conducts business in Texas; and that neither defendant has any relationship with the State of Texas.

In its first point of error the law firm contends the trial court erred in holding the defendants had not entered a general appearance. The basis for this contention is that the original plea to the jurisdiction was defective because it was unverified. The general rule is correctly stated that Tex.R. Civ.P. 120a requires that a special appearance be made by a sworn motion. Because the defendants' motion is unsworn the firm claims it constitutes a general appearance. For the proposition that every appearance prior to judgment not in compliance with Tex.R.Civ.P. 120a is a general appearance, the firm cites as authority *Stewart v. Walton Enterprises, Inc.*, 496 S.W.2d 956 (Tex. Civ.App.—Austin 1973, writ ref'd n. r. e.). This case held that an unsworn special appearance could not be amended and constituted a general appearance because it was defective as a special appearance.

■ Cohn and the Bank rely on *Dennett v. First Continental Inv. Corp.*, 559 S.W.2d 384 (Tex.Civ.App.—Dallas 1977, no writ). This case decided that the amendment to Tex.R.Civ.P. 120a allowing special appearance motions to be amended supercedes the holding in *Stewart*. *Dennett* holds that special appearance motions may be amended to cure defects. We have reviewed *Dennett*. In our opinion it states the law with respect to amendment of special appearance motions and applies to the case at bar. We conclude that the defendant's amendment to their motion to dismiss was proper as found by the trial court.

■ The firm further argues that because the defendants filed other pleadings along with the defective and amended special appearance motions, they entered a general appearance. We do not agree. The defendants were careful to file their other pleadings subject to their special appearance motion. We conclude this was proper and the trial court was correct in refusing to hold that the defendants had entered a general appearance. We overrule point of error number one.

■ By its second point of error the firm contends the defendants waived their special appearance. It makes this claim upon two grounds. First, the firm contends the defendants had on file the defective special appearance motion at the time they argued against its motion for summary judgment. As noted above both parties agree there was a hearing on June 6, 1978. However they disagree as to the subject of the hearing. There being no statement of facts and no evidence or any indication in the record that the hearing was on the merits of the motion for summary judgment, we presume the trial court was correct in its order, and that there was no waiver by argument on the merits of the motion for summary judgment.

■ The second ground for the alleged waiver is the law firm's contention that the defendants failed to seek a hearing of its motion to dismiss within a reasonable time. It relies on *Brown v. Brown*, 520 S.W.2d 571 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ). We have reviewed the decision in *Brown* and find the defendant's failure to set a hearing on his special appearance constituting a waiver is limited to the facts and

circumstances of that case. The opinion in *Brown* expressly so limits its application. Factors in *Brown* which controlled the court's decision in that case are not present in the case at bar. We have concluded that the decision in *Brown* does not apply here. We hold there was no waiver and overrule point of error number two.

In its final point of error the firm contends the trial court erred in holding the defendants were not amenable to process. We agree with the defendants in this case that in the absence of a statement of facts we are bound by the findings of fact made by the trial court as outlined above. *Mulcahy v. Cohen*, 377 S.W.2d 100 (Tex.Civ. App.—Houston 1964, writ ref'd n. r. e.). Therefore for us to sustain this point of error, the facts as found by the trial court must compel the conclusion that as a matter of law that the defendants were amenable to process after reviewing the findings of fact. We decide they compel the same conclusions reached by the trial court; that the defendants were not amenable to process and that the trial court lacked in personam jurisdiction. We overrule point of error number three.

We have severally considered and discussed each point of error presented in complaint of the order of the trial court. Each point of error is overruled.

The order of the trial court is affirmed.